UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BROILER CHICKEN GROWER
ANTITRUST LITIGATION (NO. III)                                               MDL No. 3167


**TRANSFER ORDER**


**Before the Panel**:[*] Plaintiffs move under 28 U.S.C. § 1407 to centralize this litigation in the District of Utah. This litigation consists of five actions pending in five districts, as listed on Schedule A. The parties have notified the Panel of a related action pending in the District of Delaware.[1] Responding defendants[2] suggest centralization in the Western District of Arkansas or, alternatively, the Northern District of Illinois. In their reply, plaintiffs agree that the Northern District of Illinois would be a suitable alternative transferee district.

The Panel previously granted centralization of substantially similar actions brought by plaintiffs against different defendants. *See In re Broiler Chicken Grower Antitrust Litigation (No. II)*, MDL No. 2977, 509 F. Supp. 3d 1359 (J.P.M.L. 2020).[3] MDL No. 2977 proceeded for nearly

---

[*] Judge Madeline Cox Arleo did not participate in the decision of this matter.

[1] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Mountaire Farms Inc.; Mountaire Farms of Delaware, Inc.; Peco Foods, Inc.; House Of Raeford Farms Inc.; House Of Raeford Farms Of Louisiana, LLC; George's Inc.; George's Chicken, LLC; Ozark Mountain Poultry, Inc.; George's Foods, LLC; George's Processing, Inc.; Foster Farms, LLC; Amick Farms, LLC; Case Foods, Inc.; Case Farms Processing, Inc.; Fieldale Farms Corp.; Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac Poultry, LLC; Mar-Jac Holdings, Inc.; O.K. Foods, Inc.; Simmons Foods, Inc.; Allen Harim Foods LLC; Harrison Poultry, Inc.; and Norman W. Fries, Inc. d/b/a Claxton Poultry Farms.

[3] In 2018, we denied centralization of two of the MDL No. 2977 actions because, at that time, the litigation consisted of only two actions, which were brought by the same plaintiffs against different defendants. *See In re Broiler Chicken Grower Antitrust Litig.*, 325 F. Supp. 3d 1366 (J.P.M.L. 2018). Plaintiffs' claims initially were brought in a single action in the Eastern District of Oklahoma, which were before District of Utah Judge Robert J. Shelby, sitting by designation. Judge Shelby dismissed two groups of defendants on personal jurisdiction and venue grounds,

(continued)

- 2 -

five years in the Eastern District of Oklahoma before Judge Shelby until it was resolved in January 2025.  The actions in that litigation shared factual questions arising from allegations that defendants agreed not to compete for "Broiler Grow-Out Services," *i.e.*, the services of farmers (referred to by the parties as Growers) who raise broiler chickens under contracts with chicken processors such as defendants (called Integrators).  Specifically, plaintiffs alleged an agreement among defendants not to recruit or contract with Growers contracted by another defendant or co-conspirator.  They also challenged as anticompetitive defendants' submission of cost information to Agri Stats—a third party—for use in benchmarking reports.  All plaintiffs asserted claims under the Sherman Act and the Packers and Stockyard Act with respect to the same putative nationwide classes of Growers.

After MDL No. 2977 concluded, plaintiffs filed the Eastern District of Oklahoma action listed on Schedule A against 26 new Integrator defendants.  Soon thereafter,  prompted by plaintiffs' concerns about the need to ensure personal jurisdiction in the event of an adverse personal jurisdiction ruling in the Eastern District of Oklahoma, they filed additional suits against subsets of the same Integrator defendants in other districts.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of Utah will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Like the MDL No. 2977 actions, these actions share factual questions arising from allegations that defendants agreed not to compete for Broiler Grow-Out Services.  They also challenge as anticompetitive defendants' submission of cost information to Agri Stats.  Plaintiffs in each action assert the same claims under the Sherman Act and the Packers and Stockyard Act on behalf of the same putative nationwide classes of Growers.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification and evidentiary motion practice); and conserve the resources of the parties, their counsel, and the judiciary.

We find that the District of Utah is the most appropriate transferee district for this litigation.  Judge Shelby has unparalleled familiarity with the claims and issues in this litigation, as he presided over the related actions comprising MDL No. 2977 for nearly eight years.  We are confident that Judge Shelby will steer this litigation on an efficient and prudent course.

---

leading plaintiffs to file the second action against these two defendant groups.  We found that informal cooperation and coordination among the parties and the courts constituted a preferable alternative to centralization at that time.  *Id*. at 1367.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Utah and, with the consent of that court, assigned to the Honorable Robert J. Shelby, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: BROILER CHICKEN GROWER
ANTITRUST LITIGATION (NO. III)**                                    MDL No. 3167

## SCHEDULE A

<u>Northern District of California</u>

HAFF POULTRY, INC., ET AL. v. FOSTER FARMS, LLC, C.A. No. 3:25−07996

<u>Northern District of Illinois</u>

HAFF POULTRY, INC., ET AL. v. PECO FOODS INC., ET AL., C.A. No. 1:25−11348

<u>Eastern District of Oklahoma</u>

HAFF POULTRY, INC., ET AL. v. MOUNTAIRE FARMS, INC., ET AL.,
    C.A. No. 6:25−00217

<u>District of South Carolina</u>

HAFF POULTRY, INC., ET AL. v. HOUSE OF RAEFORD FARMS INC., ET AL.,
    C.A. No. 3:25−12629

<u>Western District of Virginia</u>

HAFF POULTRY, INC., ET AL. v. GEORGE'S INC., ET AL., C.A. No. 5:25−00099